Joseph F. Kisting v. Commissioner.
Kisting v. Commissioner
Docket No. 4818-68.
United States Tax Court
T.C. Memo 1970-249; 1970 Tax Ct. Memo LEXIS 111; 29 T.C.M. (CCH) 1087; T.C.M. (RIA) 70249; August 31, 1970, Filed *111 The petitioner deposited $10,000 with an offer in compromise of assessed liability for tax, penalties and interest. The deposit was not accepted as payment on the taxpayer's liability until 1965. Held: No part of the deposit gave rise to an interest deduction in 1964. James F. Keith, 35 T.C. 1130 (1961) followed. William Elden, 1630 W. 47th, Chicago, Ill., for the petitioner. Walter T. Thompson, *112 for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: Respondent determined a deficiency in the petitioner's income tax for the taxable year 1964 in the amount of $2,221.10. The sole issue presented for decision is whether the petitioner is entitled under section 163 [1] to deduct as interest a sum of money deposited in 1964 with the respondent in connection with an offer in compromise of tax, penalties and interest. Findings of Fact The facts have been stipulated. The stipulations and exhibits attached thereto are incorporated herein by this reference. Petitioner Joseph F. Kisting resided at R.R. #2, Potosie, Wisconsin at the time he filed his petition in this case. The petitioner filed his income tax return for the year 1964 on a calendar year basis with the district director of internal revenue, Des Moines, Iowa. On August 30, 1963, petitioner and his wife, Virginia V. Kisting, submitted to the district director at Des Moines, Iowa a joint offer to compromise income tax liabilities plus interest and penalties covering the years 1948 through and *113 including 1954 for the sum of $35,000. The sum of $10,000 was deposited with the offer. On August 5, 1964, the petitioner and his wife withdrew their joint offer of August 30, 1088 1963. The petitioner's wife waived any claim against the $10,000 deposit. The petitioner requested that the $10,000, which was deposited with the joint offer of August 30, 1963, be applied to a new offer being submitted on behalf of the petitioner alone. On September 28, 1964, the district director, Des Moines, Iowa, acknowledged receipt of separate letters from the petitioner and his wife withdrawing their joint offer. The district director advised the parties that their joint offer was considered withdrawn, and as requested, the amount deposited with the joint offer would be applied to a new separate offer of the petitioner. On August 18, 1964, the petitioner submitted on Form 656 an offer to the district director, Des Moines, Iowa, to compromise the unpaid balance of assessed deficiencies in income tax, penalties and interest for the following years and amounts: TaxableYear
Deficiencies
Penalties
Interest
Payments
Unpaid Balance
1948
$ 2,177.84
$ 1,223.88
$1,500.77
$ 4,282.88
$ 619.61
1949
4,664.24
2,617.23
2,934.32
7,281.47
2,934.32
1950
6,540.54
3,652.53
3,722. 28
10,193.07
3,722.28
1951
6,924.73
3,886.23
3,766.67
0.00
14,577.63
1953
18,576.56
10,436.43
7,875.44
0.00
36,888.43
1954
13,994.38
8,888.10
4,535.71
0.00
27,418.19
1954
* 17,520.77
Total
$103,681.23
*114 The petitioner offered to compromise his $103,681.23 liability, plus accrued interest, for the total sum of $35,000 as follows: $10,000.00 on deposit and the balance of $25,000.00 payable at $2,500.00 on the 15th day of the month following the date of acceptance of this offer and nine additional payments of $2,500.00 each due at each succeeding six-month interval until the offer is paid in full. Petitioner's offer in compromise stated that: * * * It is understood that this offer will be considered and acted upon in due course and that it does not afford relief from the liability sought to be compromised unless and until it is actually accepted in writing by the Commissioner or his duly authorized representative, and the terms of the offer have been fully complied with. As additional consideration for acceptance of his offer, the petitioner executed two collateral agreements. One agreement provided that in addition to the $35,000 offer in compromise the petitioner would make additional payments to the respondent based on a percentage of his annual income for the years 1963 through 1974. The other agreement *115 provided that the petitioner would dismiss his suits against the district director that were pending in the United States District Court for the Southern District of Iowa. Both agreements were conditioned upon the acceptance of the offer in compromise. On April 28, 1965, the petitioner's offer of August 8, 1964 was accepted by the respondent. On May 17, 1965, all but $35,000 of the petitioner's liability of $103,681.23 was abated and the $10,000 on deposit was applied by the respondent against the petitioner's $35,000 liability. On his 1964 income tax return the petitioner claimed a deduction of $10,000 for interest paid in 1964 to the United States Government. The respondent disallowed the deduction. Opinion On his return for 1964, the petitioner claimed as an interest deduction the $10,000 deposited by him in 1964 in connection with his offer in compromise. The respondent has taken the position that any interest deduction resulting from this remittance must be postponed until 1965, the year in which the respondent accepted the petitioner's offer and applied the $10,000 on deposit against the petitioner's liability. The petitioner claims to have met the requirements of section *116 163(a) [2] applicable to a "cash taxpayer" [3] and argues that under 1089 the circumstances of this case the respondent should be estopped from asserting that payment was not made until 1965. The respondent maintains that the $10,000 was deposited with, rather than paid to, him in 1964 and that, accordingly, no part of the deposit could give rise to an interest deduction until the deposit was applied to the petitioner's liability in 1965. The respondent relies on section 7809(b) [4] which provides that sums offered in compromise of tax liabilities shall be deposited by the officer receiving same with the Treasurer of the United States in a deposit fund account to be withdrawn and deposited as internal revenue collections *117 upon acceptance of the offer in compromise, but which shall be refunded to the taxpayer if the offer is rejected. The outcome of the instant case is controlled by the reasoning of the Court in . In the Keith decision the taxpayer made remittances to the respondent while the respondent was considering the taxpayer's offers to compromise his tax liability. The respondent was not directed to apply the remittances to the petitioner's *118 liability upon receipt. The respondent deposited the remittances in a deposit fund account and did not treat the remittances as payments while the offers were pending. After pointing out that payments into a deposit account do not constitute payment, we stated that the question of whether a remittance made in connection with an offer in compromise constitutes an immediate payment of the taxpayer's liability is controlled by the fundamental rule as stated in (C.A. 2, 1954), affirming , reversed in part and affirmed in part on other issues , that: A remittance made in respect of an asserted or putative tax liability in no proper sense constitutes a tax "payment" except to the extent that it is effective to discharge such liability in whole or in part. That in turn depends upon the agreement of the taxpayer and the Commissioner or his representatives, acting within their powers, or upon whether the taxing authorities have a duty under the particular circumstances involved to accept the remittance as a payment of the tax in full or pro tanto. * * * * * *119 * In short, there can be no payment without satisfaction whether pursuant to or apart from an assessment. As the agreements of the taxpayer and the respondent did not require the respondent to accept the remittances as payments in the year made, and as the respondent was acting within the scope of his authority in depositing the remittances into the deposit account until the offers were acted upon, the Court held that the remittances were not payments on the taxpayer's liability in the years that the offers were pending. In the instant case the offer in compromise stated that the $10,000 was "on deposit." Thus under the terms of the agreement between the parties the respondent was not required to accept the $10,000 in payment while the offer was pending in 1964. Also, in not crediting the remittance against the petitioner's liability in 1964 the respondent was following section 7809(b). The $10,000 remittance made in connection with the petitioner's offer in compromise did not constitute a payment on his liability in 1964 and, accordingly, the petitioner is not entitled to the claimed interest deduction on account of that remittance. The petitioner's argument that the respondent *120 should be estopped from asserting that payment was not made until 1965 is without merit. There was no fraud, concealment, misrepresentation or violation of duty on the part of the respondent. Further, the petitioner's request that the deposit made 1090 in connection with the withdrawn joint offer be applied to his new offer indicates that he was aware that such remittances are not treated as payments on liability while the offer in compromise is pending. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
*. This figure was an account balance transferred from Chicago to Iowa.↩
2. SEC. 163. INTEREST. (a) General Rule. - There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness. ↩
3. Although it is not clear from the stipulations and exhibits, as the petitioner refers to himself as a "cash taxpayer" and as we have been requested to determine the year in which the interest was "paid," we have assumed that the petitioner employed the cash receipts and disbursements method of accounting↩
4. SEC. 7809. DEPOSIT OF COLLECTIONS. (b) Deposit Funds. - In accordance with instructions of the Secretary or his delegate, there shall be deposited with the Treasurer of the United States in a deposit fund account - (1) Sums Offered in Compromise. - Sums offerred in compromise under the provisions of section 7122; * * * Upon the acceptance of such offer in compromise or offer for the purchase of such real estate, the amount so accepted shall be withdrawn from such deposit fund account and deposited in the Treasury of the United States as internal revenue collections. Upon the rejection of any such offer, the Secretary or his delegate shall refund to the maker of such offer the amount thereof.↩